{¶ 21} I agree that this case is distinguishable from State v.Gillard (1988), 40 Ohio St.3d 226, 533 N.E.2d 272. In addition to the reasons set forth in Judge Wolffs opinion, I would add that the circumstances to which the trial judge was exposed in Gillard, involving alleged threats against a witness, implicating the integrity of the judicial proceedings over which the trial judge was presiding, and therefore arguably constituted a personal affront to the judge, thereby constituting a potential for bias not present under most other circumstances in which a trial judge becomes aware, before trial, of alleged bad conduct on the part of a criminal defendant.
 {¶ 22} Because I agree that State v. Gillard, supra, is distinguishable, I join in the judgment of this court. I am not convinced, however, that Coonrod's failure to have raised this issue in a pre-trial affidavit of bias and prejudice, in an application to the Chief Justice of the Ohio Supreme Court for the disqualification of the trial judge, is fatal to Coonrod's claim. In the first place, the Ohio Supreme Court did not seem to find this to be a problem in State v.Gillard, although that may be because it found the failure of the trial judge to have disqualified himself to have been harmless, in view of the overwhelming evidence of the defendant's guilt in that case.[1]
 {¶ 23} More importantly, I understand Coonrod's argument that he had no reason to raise this issue as long as he understood that the evidence of his other bad acts was going to be admitted in evidence at his trial. Any trial judge, whether the same trial judge who *Page 8 
heard the motion in limine, or a new trial judge, would be hearing this evidence, since it was going to be admitted at trial. It was not until the State, which had successfully resisted efforts by Coonrod to have the evidence declared inadmissible, decided not to offer, and did not offer, this evidence at trial, that the issue Coonrod now raises came into play. Upon the happening of that event, the trial judge, from Coonrod's point of view, was unnecessarily exposed to the other bad acts evidence; otherwise, any judge presiding over Coonrod's trial would necessarily be exposed to the other bad acts evidence, and, as Coonrod argues, any error in the admission of this evidence would be a potential ground for reversal on appeal.
 {¶ 24} Again, because I agree that this case is distinguishable fromState v. Gillard, supra, I concur in the judgment of affirmance.
[1] Parenthetically, the overwhelming evidence of the defendant's guilt in Gillard would not seem to solve the problem of the trial judge possibly having been improperly biased with respect to the penalty phase, where the trial judge would have an independent duty to weigh the aggravating and mitigating circumstances of the crime. *Page 1